FILED
U S DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 22 2011

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| EDWAINE HUDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 4:11 cv 641 JLH |
| | ) |
| MIDLAND CREDIT | ) This case assigned to District Judge Holmes |
| MANAGEMENT, INC., | ) and to Magistrate Judge Young |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, EDWAINE HUDSON, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, MIDLAND CREDIT MANAGEMENT, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. EDWAINE HUDSON, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Benton, County of Saline, State of Arkansas.

5. The debt that Plaintiff was allegedly obligated to pay was a debt originally allegedly owed by Plaintiff to Citibank.

1

6. Upon information and belief Midland Funding LLC, purchased acquired and/or otherwise obtained the debt that Plaintiff was originally allegedly obligated to pay to Citibank.

7. The debt that Plaintiff originally allegedly owed Citibank was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. MIDLAND CREDIT MANAGEMENT, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Arkansas. Defendant is incorporated in the State of California.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

15. On or about June 22, 2011, Defendant sent Plaintiff a correspondence in an attempt to collect a debt originally allegedly owed by Plaintiff to Citibank. (See a true and exact copy of said correspondence attached hereto as **Exhibit A**).

16. Upon information and belief, the aforesaid correspondence was Defendant's initial communication with Plaintiff.

17. Plaintiff received the aforesaid correspondence.

18. In the upper portion of the first page of the aforesaid correspondence, Defendant stated "**NOTICE OF NEW OWNERSHIP AND PRE-LEGAL REVIEW.**" (*Emphasis included*).

19. On the first page of the aforesaid correspondence, Defendant further stated "[Defendant] is considering forwarding this account to an attorney in your state for possible litigation. However, such forwarding will not occur until after the expiration of the time period described on the back of the letter."

20. On the last page of the aforesaid correspondence, Defendant advised Plaintiff that he had thirty (30) days after receiving its correspondence to notify Defendant that he disputed the validity of the debt and to obtain documentation to verify the debt on which it was attempting to collect.

21. On the first page of the aforesaid correspondence, Defendant further stated "[i]f we do not hear from you or receive payment by August 6, 2011, we may proceed with forwarding this account to an attorney."

22. Defendant then stated "[w]hat do you need to do to stop this process from continuing?"

23. Subsequent to the aforesaid question proposed by Defendant, Defendant listed two (2) putative options that Plaintiff could select to "stop [Defendant's] process from continuing."

24. Defendant's first option to Plaintiff was that Plaintiff mail in funds to Defendant and call Defendant to set up additional payment arrangements.

25. Defendant's second option was that Plaintiff contact Defendant "today" to determine if Plaintiff qualified for discounts or payment plans.

26. After providing Plaintiff with the aforesaid options, Defendant stated "[i]f the account goes to an attorney, our flexible options may no longer be available to you."

27. Defendant's representations that Plaintiff could engage in options to "stop this process from continuing" had the effect of conveying to an unsophisticated consumer that if Plaintiff did not engage in either of Defendant's proposed options then Defendant would forward Plaintiff's account to an attorney for litigation.

28. On the first page of the aforesaid correspondence, Defendant did not list that Plaintiff had the option to dispute the validity of the debt in writing to Defendant within thirty (30) days from his receipt of Defendant's correspondence.

29. Defendant's representations that Plaintiff could engage in one of two options to "stop this process from continuing" had the effect of conveying to an unsophisticated consumer that even if Plaintiff timely disputed in writing to Defendant owing the debt on which Defendant was attempting to collect that Defendant would still forward Plaintiff's account to an attorney for litigation.

30. On the first page of the aforesaid correspondence, Defendant did not list that Plaintiff had the option to send Defendant a written request seeking documentation to validate

the debt on which it was attempting to collect within thirty (30) days from his receipt of Defendant's correspondence.

31. Defendant's representations that Plaintiff could engage in one of two options to "stop this process from continuing" had the effect of conveying to an unsophisticated consumer that even if Plaintiff sent a timely written dispute to Defendant seeking documentation to validate the debt on which it was attempting to collect that Defendant would still forward Plaintiff's account to an attorney for litigation.

32. On the first page of the aforesaid correspondence, Defendant further listed what it alleged to be "BENEFITS OF PAYING!" (*Emphasis included*).

33. Defendant then listed that one benefit of Plaintiff paying Defendant would be that "this may be [Plaintiff's] last chance to work with [Defendant] before the account goes to an attorney."

34. Again, Defendant's representations, as delineated above, had the effect of conveying to an unsophisticated consumer that if Plaintiff did not pay Defendant then Defendant would forward Plaintiff's account to an attorney for litigation.

35. Defendant has not filed a lawsuit against Plaintiff for the debt he allegedly owes.

36. Upon information and belief, Defendant has not forwarded Plaintiff's account to an attorney in the State of Arkansas.

37. Upon information and belief, at the time of making the aforementioned threats to forward Plaintiff's account to an attorney in the State of Arkansas, Defendant had no intention of forwarding Plaintiff's account to an attorney in said state.

38. In its attempts to collect the debt allegedly owed by Plaintiff to Citibank, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

    c. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

    d. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    e. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

    f. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

39. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    JURY DEMAND

40. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, EDWAINE HUDSON, by and through his attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**EDWAINE HUDSON**

By: _____
David M. Marco
Attorney for Plaintiff

Dated: August 16, 2011

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithlaw.us

# EXHIBIT A

Return Mail Only - No Correspondence
**mcm** Dept. 12421
PO Box 603
Oaks, PA 19456

| MCM Account Number |
|---|
| 8540414167 |

| Original Creditor |
|---|
| CITIBANK |

| CURRENT BALANCE |
|---|
| $14,505.01 |

| PAYMENT DUE DATE |
|---|
| 08-06-2011 |

06-22-2011

18824 - 1186

#BWNHLTH
#0000 0854 0414 1674#
EDWAINE C HUDSON
10713 BELLE LN
BENTON, AR 72019-8163

# NOTICE OF NEW OWNERSHIP *AND* PRE-LEGAL REVIEW

Dear EDWAINE C HUDSON,

Midland Funding LLC recently purchased your CITIBANK account and Midland Credit Management, Inc. ("MCM"), a debt collection company, is the servicer of this obligation.

Midland Credit Management, Inc. is considering forwarding this account to an attorney in your state for possible litigation. However, such forwarding will not occur until after the expiration of the time period described on the back of the letter. Upon receipt of this notice, please call to discuss your options.

If we don't hear from you or receive payment by 08-06-2011, we may proceed with forwarding this account to an attorney.

What do you need to do to stop this process from continuing?

   1) Mail in $750.00 and call to set up your remaining payments.
   2) Call us today to see how to qualify for discounts and payment plans.

LET US HELP YOU! If the account goes to an attorney, our flexible options may no longer be available to you. There still is an opportunity to make arrangements with us. We encourage you to call us today: (800) 265-8825.

Sincerely,

Recovery Department
Midland Credit Management, Inc.
(800) 265-8825

For ease and convenience, make payments online and view additional offers at: www.midlandcreditonline.com

**NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION**

### BENEFITS OF PAYING!

➢ **This may be your last chance to work with us before the account goes to an attorney.**

➢ **No additional interest will be charged to your account.**

➢ **Get rid of this debt and get on with your life.**

*Once your account is paid,*

➢ All collection calls and letters on this account will stop!

➢ We will notify the credit bureaus the debt is PAID IN FULL.*

**CALL US TODAY!**
(800) 265-8825

Hours of Operation:
M-Th 6am - 7:30pm MST
Fri 6am - 5pm;
Sat 6am - 11am;

*Please tear off and return lower portion with payment in the envelope provided*



**Return Mail Only - No Correspondence**
Dept. 12421
PO Box 603
Oaks, PA 19456

#BWNHLTH
#0000 0854 0414 1674#
EDWAINE C HUDSON
10713 BELLE LN
BENTON, AR 72019-8163

| STATEMENT | | | |
|---|---|---|---|
| MCM Account #: 8540414167 | | | Previous Balance: $14,505.01 |
| Original Account #: 5121079743087956 | | | Interest Rate: 6% |
| Statement Date: 06-22-2011 | Due Date: 08-06-2011 | | Accrued Interest: $0.00 |
| Current Owner: Midland Funding LLC | Original Creditor: CITIBANK | | Current Balance: $14,505.01 |
| Due Date | Date Received | Transactions | Amount |
| 08-06-2011 | 06-22-2011 | The above-referenced account was purchased by Midland Funding LLC and is serviced by Midland Credit Management, Inc.("MCM"). The balance of $14,505.01 is due by 08-06-2011.<br><br>Please direct all correspondence to:<br>Midland Credit Management, Inc.<br>8875 Aero Drive, Suite 200<br>San Diego, CA 92123 | $14,505.01 |
| | | | Current Balance: $14,505.01 |

**Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

Important Disclosure Information

> Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Calls to and/or from this company may be monitored or recorded.

The records associated with the purchase from **CITIBANK** reflect that you are obligated on this account, which is in default. As of the date of this letter, you owe $14,505.01. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. To obtain an exact payoff amount, or for further information, please call one of our Account Managers at (800) 265-8825. As the owner of this account, but subject to the rights described below, Midland Funding LLC is entitled to payment of this account. All communication regarding this account should be addressed to MCM and not the previous owner.

Unless you notify MCM within thirty (30) days after receiving this notice that you dispute the validity of the debt, or any portion thereof, MCM will assume this debt to be valid.

If you notify MCM, in writing, within thirty (30) days after receiving this notice that the debt, or any portion thereof, is disputed, MCM will obtain verification of the debt or a copy of a judgment (if there is a judgment) and MCM will mail you a copy of such verification or judgment.

If you request, in writing, within thirty (30) days after receiving this notice, MCM will provide you with the name and address of the original creditor.

If an attorney represents you with regard to this debt, please refer this letter to your attorney. Likewise, if you are involved in an active bankruptcy case, or if this debt has been discharged in a bankruptcy case, please refer this letter to your bankruptcy attorney so that we may be notified.

Please remember, even if you make a payment within 30 days after receiving this notice, you still have the remainder of the 30 days to exercise the rights described above.

*We may report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report. No credit reporting will occur if the federal reporting period has expired.

-----------------------------

Please send any correspondence relating to any credit reporting* of this account to:
MCM CREDIT REPORTING DEPARTMENT, 8875 Aero Drive, Suite 200, San Diego, CA 92123.
PLEASE RETAIN THIS ADDRESS FOR ANY ISSUES RELATING SOLELY TO THE CREDIT REPORTING OF YOUR ACCOUNT.

**MAIL PAYMENTS TO**: P.O. Box 60578, Los Angeles, CA 90060-0578

**MAIL CORRESPONDENCE BUT NO PAYMENTS TO:** MCM's business address at
8875 Aero Drive, Suite 200, San Diego, CA 92123